IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-HC-2055-FL

| | | |
|---|---|---|
| LAQUAN LORENZO SIMMONS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| FRANK L. PERRY, | ) | |
| | ) | |
| Respondent. | ) | |

This matter came before the court on respondent's motion to dismiss (DE 10) pursuant to Federal Rule of Civil Procedure 12(b)(6). The issues raised have been fully briefed and are ripe for adjudication. For the following reasons, the court denies respondent's motion.

## STATEMENT OF CASE

On April 8, 2013, the Cumberland County Grand Jury indicted petitioner for felonious breaking or entering a motor vehicle, larceny of a firearm, and possession of a stolen firearm in case number 13CRS52373; and for possession of a firearm by a convicted felon in case number 13CRS52374. (Resp't's Mem. Ex. 1). On October 8, 2013, petitioner pleaded guilty to larceny of a firearm in case number 13CRS52373 and possession of a firearm by a convicted felon in case number 13CRS52374 in exchange for dismissal of the remaining charges. (Id. Ex. 2). The superior court sentenced petitioner to a presumptive term of 14 to 26 months imprisonment in case number 13CRS52374 and to a consecutive, presumptive term of 8-19 months imprisonment in case number 13CRS52373. (Id. Ex. 4). The superior court suspended both sentences, placed petitioner on a term

of supervised probation, and dismissed the remaining charges. (Id.) Petitioner did not file a direct appeal of his conviction in case numbers 13CRS52373 or 52374.

On February 9, 2014, the Cumberland County Grand Jury indicted petitioner on the following charges: felonious breaking or entering a motor vehicle and for attaining habitual felon status in case number 14CRS62348; and felonious breaking or entering a motor vehicle, misdemeanor resisting, obstructing or delaying a peace officer, and for attaining the status of habitual felon in case number 14CRS62349. (Id. Ex. 5). On July 15, 2015, petitioner pleaded guilty to one count of felonious breaking or entering a motor vehicle in case numbers 14CRS62348 and 14CRS62349 in exchange for the dismissal of the remaining charges. (Id. Ex. 6). The superior court sentenced petitioner to two presumptive, consecutive active terms of 6-17 months imprisonment, and the state dismissed the remaining charges. (Id. Ex. 8). Petitioner did not file a direct appeal.

On July 20, 2015, the State of North Carolina issued a probation violation report to petitioner for case numbers 13CRS52373 and 52374, stating that petitioner violated the condition of his probation which prohibited him from committing any criminal offense. (Id. Ex. 9). Accordingly, the superior court revoked petitioner's probation in case numbers 13CRS52373 and 52374, and activated petitioner's sentenced in those cases. (Id.) The superior court directed that petitioner's newly activated sentences were to run concurrently with the sentences in case numbers 14CRS62349 and 62349. (Id.)

On December 7, 2015, petitioner filed a *pro se* motion for appropriate relief ("MAR") attacking the judgments in case numbers 13CRS 52373, 13CRS52374, 14CRS62348, and 14CRS62349 in the Cumberland County Superior Court. (Id. Ex. 10). The superior court denied petitioner's MAR on January 8, 2016. (Id. Ex. 11). On February 22, 2016, petitioner filed a *pro*

2

*se* petition for a writ of certiorari in the court of appeals, which was denied on March 9, 2016. (Id. Ex. 13).

On March 28, 2016, petitioner filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner raised the following claims: (1) the trial counsel in case numbers 13CRS52373 and 52374 was ineffective; (2) the possession of a firearm by a convicted felon indictment in case number 13CRS52374 was facially defective; (3) the conviction for larceny of a firearm in case number 13CRS52373 and possession of a firearm by a convicted felon in case number 13CRS52374 violated the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution; and (4) the prior record level calculation for case numbers 14CRS 62348 and 62349 was incorrect, and violated the Fourth Circuit's decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). Respondent subsequently filed a motion to dismiss, arguing that petitioner failed to state a claim upon which relief may be granted. The motion was fully briefed.

**DISCUSSION**

A.  Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the [petitioner]," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further

3

factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a petitioner to articulate facts, that, when accepted as true, demonstrate that the petitioner has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quotations omitted).

B.   Analysis

Petitioner's first three claims pertain solely to case numbers 13CRS52373 and 52374. Respondent argues that these claims are time-barred.[1] Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year. 28 U.S.C. § 2244(d)(1). The period begins to run from the latest of several dates:

> A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; B) the date on which the impediment to filing an application . . . is removed . . .; C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

The running of the "period of limitation" under § 2244(d)(1) is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); see Taylor v. Lee, 186 F.3d 557,

---

[1] A court may assess timeliness on a claim-by-claim basis. See Pace v. DiGuglielmo, 544 U.S. 408, 416 n. 6 (2005).

561 (4th Cir. 1999). An application for post-conviction or other collateral review is pending from initial filing until final disposition by the state court. See Taylor, 186 F.3d at 561.

In his action, the statutory period began to run on the date petitioner's judgment became final. Judgment in case numbers 13CRS52373 and 52374 became final on July 20, 2015–the date the superior court revoked petitioner's probation and activated the sentences in those cases. See, e.g., Smith v. Clarke, No. 2:13-cv-611, 2014 WL 2601751, at *4 (E.D. Va. May 28, 2014), appeal dismissed, 585 F. App'x 94 (4th Cir. 2014). Petitioner thereafter had 14 days after the entry of judgment to file an appeal. N.C.R. of App. P. 4(a) (amended October 18, 2001, to allow fourteen (14) days to file notice of appeal). Petitioner did not file an appeal. Therefore, petitioner's judgment became final on August 3, 2015.

Petitioner's one-year statutory period then began to run on August 3, 2015, and ran for 126 days until petitioner filed his MAR on December 7, 2015. The one year statute of limitation period then was tolled until the court of appeals denied petitioner's petition for a writ of certiorari on March 9, 2016. See N.C. Gen. Stat. § 7a-28(a) ("Decisions of the Court of Appeals upon review of [MARs alleging federal constitutional violations] are final and not subject to further review in the Supreme Court by appeal, motion, certification, writ, or otherwise."); N.C.R. App. P. 21(e) (providing that certiorari petitions seeking review of MARs in non-capital cases "shall be filed in and determined by the Court of Appeals, and the Supreme Court will not entertain petitions for certiorari or petitions for further discretionary review in these cases."). Petitioner's statutory period subsequently resumed on March 9, 2016. Petitioner, however, timely filed the instant petition 19 days later on March 28, 2016, prior to the expiration of the statutory period on November 3, 2016. Thus, petitioner's first three claims are not time-barred, and respondent's motion to dismiss such claims is DENIED.

5

Given the fact that the adjudication of petitioner's fourth claim is dependent upon the adjudication of petitioner's first three claims, the court reserves ruling on petitioner's fourth claim on a more complete record.

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss (DE 10) is DENIED. Dispositive motions are due within 60 days from the date of this order.

SO ORDERED, this the 16th day of December, 2016.

                                        LOUISE W. FLANAGAN
                                        United States District Judge

6

Case 5:16-hc-02055-FL   Document 15   Filed 12/16/16   Page 6 of 6